# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE AND JANE DOE, AS PARENTS AND NEXT FRIENDS OF JANE ROE AND MARY ROE,** | ) ) ) ) | **CASE NO.:** 5:26-cv-4019 |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **COMPLAINT AND JURY DEMAND** |
| **KEITH HAVENER,** | ) ) ) | |
| **Defendant.** | ) ) | |

COME NOW Plaintiffs, John Doe and Jane Doe, as Parents and Next Friends of Jane Roe and Mary Roe (collectively, "Plaintiffs"), by and through their undersigned counsel, and state as follows in support of their Complaint and Jury Demand:

## PARTIES AND JURISDICTION

1.     Plaintiffs are residents of the Northern District of Iowa, Western Division.

2.     Defendant, Keith Havener ("Defendant") was, at all material times, a resident of Plymouth County, Iowa, which is in the Northern District of Iowa, Western Division.

3.     The Eighth Circuit has joined its sister circuits and held "that a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Ind. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024).

4.     The Eighth Circuit has recognized that sister circuits have allowed plaintiffs to proceed anonymously to protect children that are victims. *Id.*

5.     This highly sensitive case involves the creation and dissemination of sexually explicit materials of children.

6. The facts of this case remain the subject of an ongoing investigation by the Federal Bureau of Investigation (the "FBI") and criminal prosecution of Defendant.

7. The need for anonymity outweighs the interest of full disclosure.

8. To protect the privacy of the children, now and for the rest of their lives, Plaintiffs are using fictitious names.

9. This Court has federal question jurisdiction over this matter.

10. Personal jurisdiction and venue are proper.

## GENERAL ALLEGATIONS

11. Plaintiffs restate the allegations asserted in paragraphs 1-10 as though fully set forth herein.

12. Jane Roe and Mary Roe are under the age of eighteen years.

13. In December 2025, the FBI contacted John Doe and Jane Doe (collectively, the "Does") about concerning photographs of Jane Roe and Mary Roe that had been circulated online.

14. The FBI interviewed the Does about Defendant and informed the Does that photographs of Jane Roe and Mary Roe had been digitally altered to be pornographic.

15. The FBI did not give or show the Does the pornographic photographs due to the FBI's ongoing investigation and because the photographs constituted child pornography.

16. The FBI informed the Does that it believed Defendant was responsible for creating and distributing the altered photographs.

17. The FBI opined that Defendant had altered the photographs using artificial intelligence.

18. The FBI also informed the Does that Defendant had posted pictures of Jane Roe on Craigslist and told users that Jane Roe would perform sexual services in exchange for compensation.

19. The FBI showed the Does a picture of the listing on Craigslist, but did not transmit a copy of the picture to the Does due to the ongoing investigation.

20. After the FBI met with the Does, the Does were warned by a Facebook user in Florida about the Craigslist post.

21. The Facebook user found the Does because Jane Roe was personally identifiable in the photographs uploaded to Craigslist.

22. Defendant has been charged in the United States District Court, Northern District of Iowa, Case Number 5:25-cr-04001 under the following statutes: 18 U.S.C.A. § 2251(a), 18 U.S.C.A. § 2252A(a)(5)(B), 18 U.S.C.A. § 2252A(b)(2).

23. The aforementioned criminal statutes relate to the sexual exploitation of children.

24. Upon information and belief, this action has been brought within the applicable statute of limitations

## COUNT 1 – 18 U.S.C.A. § 2255

25. Plaintiffs restate paragraphs 1-24 as if fully set forth herein.

26. Defendant has created and distributed in interstate commerce, by a computer or other means, visual depictions of minors engaging in sexually explicit conduct.

27. Defendant has produced and distributed in interstate commerce, by a computer or other means, child pornography of identifiable minors.

28. Defendant committed violations of sections 2251, 2252, and/or 2252A of Title 18 of the United States Code.

3

29. The victims of Defendants acts were Jane Roe and Mary Roe.

30. Jane Roe and Mary Roe have each suffered personal injury as a result of Defendant's violation(s).

31. Jane Roe and Mary Roe are entitled to and request liquidated damages, and the cost of this action, including reasonable attorney's fees and other reasonably incurred litigation costs.

32. Jane Roe and Mary Roe request punitive damages.

WHEREFORE John Doe and Jane Doe, as Parents and Next Friends of Jane Roe and Mary Roe respectfully request as follows:

A. Liquidated damages for their personal injuries under 18 U.S.C.A. § 2255;

B. Costs of this action, including reasonable attorney's fees and reasonably incurred litigation costs;

C. Punitive damages; and

D. Any and all other relief the Court deems appropriate.

## <u>JURY DEMAND</u>

COME NOW, Plaintiffs, John Does and Jane Doe, as Parents and Next Friends of Jane Roe and Mary Roe, and hereby request a trial by jury on all issues so triable.

DATED: <u>March 2, 2026</u>.

4

HEIDMAN LAW FIRM, P.L.L.C.

BY: _____

PATRICK L. SEALEY, AT0007085
LIAM T. MANGAN, AT0015289
1128 Historic 4th Street
P.O. Box 3086
Sioux City, Iowa 51102
Phone: (712) 255-8838
Fax: (712) 258-6714
Patrick.Sealey@heidmanlaw.com
Liam.Mangan@heidmanlaw.com

ATTORNEYS FOR PLAINTIFFS

5